UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No: 8:21-cr-0183-KKM-TGW

JERRY L. ROGERS,

    Defendant.
_____

## ORDER

    A grand jury indicted Jerry Rogers with one count of knowingly possessing a firearm and ammunition after having been convicted of a felony under 18 U.S.C. § 922(g)(1). It listed several prior felony convictions, but importantly omitted a juvenile conviction for attempted robbery and aggravated battery that used a firearm. Rogers pleaded guilty with the explicit understanding that his maximum prison sentence was ten years. After he pleaded guilty, the United States Probation Officer (ultimately) concluded that Rogers had been convicted of three prior violent felonies, subjecting him to a minimum of fifteen years under the Armed Career Criminal Act (ACCA). (Doc. 51 at 2.) Almost immediately, Rogers moved to withdraw his guilty plea. (Doc. 49.) The United States does not oppose the Motion and the Court grants it. (Doc. 52.)

I.   BACKGROUND

On November 1, 2021, Rogers pleaded guilty to possessing a firearm after having been convicted of a felony in violation of § 922(g)(1). (Doc. 36.) At that time, the United States filed a notice estimating Rogers's maximum sentence at ten years. (Doc. 33 at 2.) When the Magistrate Judge questioned Rogers at the plea colloquy, he confirmed that Rogers understood his maximum sentence was ten years. (Doc. 37.) There is no indication elsewhere that Rogers knew or suspected a different maximum sentence applied. After Rogers pleaded guilty, the United States Probation Officer filed a Presentence Investigation Report that listed three qualifying felonies, indicating he should be sentenced under the career offender guidelines (but not initially recommending he be sentenced under ACCA). (Doc. 42 at 6, 31.) The final PSIR was similar to the first, citing the same convictions—two of the felony convictions listed in the indictment and a juvenile conviction, (Doc. 44 at 6)—and reaching the same sentencing conclusion as the first—a statutory maximum of ten years, (*id.* at 31–32).

More information on one of Rogers's other juvenile convictions, however, changed the calculus. On January 4, 2022, the Probation Officer filed a certified copy of a disposition order finding Rogers guilty in a juvenile delinquency case. (Doc. 44 at 40.) On January 18, the Probation Officer filed a certified copy of the petition of juvenile delinquency, which revealed that Rogers was charged with attempted robbery and

aggravated battery, both while using and discharging a firearm. (Doc. 47 at 2.) With this new information in hand, the Probation Officer recognized that the juvenile conviction, in combination with the two felonies listed in the PSIR, requires that Rogers receive a minimum sentence of fifteen years under ACCA. (Doc. 51 at 2.) Rogers reached the same conclusion. Almost immediately after the petition of juvenile delinquency appeared on the docket, Rogers filed the instant Motion, moving to withdraw his guilty plea and requesting an evidentiary hearing. (Doc. 49.) The Court redesignated the sentencing hearing scheduled for March 1, 2022, as an evidentiary hearing. (Doc. 50.) The United States Probation Officer contends that the documents she provided support the use of the juvenile conviction to increase Rogers's sentence under ACCA. (Doc. 51 at 2.) The United States then filed its response, supporting Roger's Motion but contending that no hearing is necessary. (Doc. 52.)

## II.   LEGAL STANDARD

After a court has accepted a defendant's guilty plea, the defendant may withdraw it if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In deciding whether the defendant has shown a fair and just reason, the district court should consider "(1) whether close assistance of counsel was available; (2) *whether the plea was knowing and voluntary*; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were

3

allowed to withdraw his plea." *United States v. Perez-Hernandez*, 490 F. App'x 275, 277 (11th Cir. 2012) (per curiam) (emphasis added) (quotation omitted). The second factor, whether the plea was knowing or voluntary, depends on whether "(1) the guilty plea [was] free from coercion; (2) the defendant . . . underst[oo]d the nature of the charges; and (3) the defendant . . . *kn[e]w and underst[oo]d the consequences of his guilty plea.*" *United States v. Gandy*, 710 F.3d 1234, 1240 (11th Cir. 2013) (emphasis added) (quotation omitted). An evidentiary hearing on a motion to withdraw is unnecessary where "a court has conducted extensive Rule 11 inquiries prior to accepting the guilty plea." *United States v. Piper*, 803 F. App'x 285, 287 (11th Cir. 2020) (per curiam) (quotation omitted).

A guilty plea is not "knowing and voluntary" where the court gives the defendant an incorrect assessment of the mandatory minimum or maximum sentence for his admitted crime. *See Gandy*, 710 F.3d at 1241 (describing this as "obvious error"); *accord United States v. Symington*, 781 F.3d 1308, 1314 (11th Cir. 2015); *see also United States v. Coleman*, 861 F. App'x 378, 382 (11th Cir. 2021) (per curiam) (noting that a court commits "plain error" when it fails to ensure the defendant's understanding of a statutory minimum). When a defendant seeks to withdraw his plea after learning that he is subject to a higher mandatory minimum, a court ordinarily abuses its discretion by denying such a motion. *See Symington*, 781 F.3d at 1314 ("[T]he court should have permitted [the defendant] to withdraw his guilty plea.").

4

## III. ANALYSIS

No evidentiary hearing is required for this Court to conclude that Rogers has a "fair and just" reason for withdrawing his plea. Fed. R. Crim. P. 11(d)(2)(B). Rogers did not know the legal consequences of his decision to plead guilty and the United States has offered no prejudice it would suffer from withdrawal.

First, Rogers did not plead guilty with knowledge of his plea's legal consequences. *See Gandy*, 710 F.3d at 1240 (requiring a defendant "know and understand the consequences of his guilty plea" (quotation omitted)). Going into the guilty plea, the indictment listed four felonies, only two of which qualify for the ACCA sentencing enhancement. (Doc. 1.) And the United States had noticed on the docket that the maximum sentence of imprisonment that Rogers faced was ten years. (Doc. 33.) The Magistrate Judge inquired at the Rule 11 hearing if Rogers understood that his maximum sentence was ten years. Rodgers did. And he wanted to enter a guilty plea nonetheless. Neither Rogers nor the United States offer any evidence to indicate that, despite these statements, Rogers in fact knew that one of his juvenile offenses could subject him to the fifteen-year minimum under the ACCA. Nor does the Court find it plausible here that Rogers would know that his juvenile offense qualifies under the ACCA. As evidence of this lack of knowledge, Rogers moved to withdraw his guilty plea the same day that the Probation Officer offered documents indicating the nature of Rogers's juvenile offenses.

(Doc. 49 at 4); *see United States v. Chicago*, 711 F. App'x 512, 515 (11th Cir. 2017) (per curiam) ("[A] swift change of heart is itself strong indication that the plea was entered in haste and confusion." (quotation omitted)).

Second, the United States offers no reason why it would be prejudiced by the withdrawal of Rogers's guilty plea. *See Perez-Hernandez*, 490 F. App'x at 277 (noting that courts should consider prejudice to the government). In fact, the United States supports the withdrawal. (Doc. 52.)

The strength of these two factors requires that the Court grant Rogers's Motion. *See Perez-Hernandez*, 490 F. App'x at 277 (noting that a court should consider the "totality of the circumstances surrounding the plea"). Because the Magistrate Judge "conducted extensive Rule 11 inquiries prior to accepting [Rogers's] guilty plea," *Piper*, 803 F. App'x at 287 (quotation omitted), an evidentiary hearing on Rogers's Motion is unnecessary. Accordingly, the following is **ORDERED:**

1. The Court **GRANTS-IN-PART** Rogers's Motion to Withdraw Guilty Plea. (Doc. 49.) Specifically, the Court **GRANTS** Rogers's motion to withdraw his guilty plea. But the Court **DENIES** Rogers's request for an evidentiary hearing on the motion.

2. Because an evidentiary hearing is unnecessary, the Court **CANCELS** the March 1, 2022, evidentiary hearing on Rogers's Motion to Withdraw.

6

**ORDERED** in Tampa, Florida, on February 17, 2022.

Kathryn Kimball Mizelle
United States District Judge